116 T.C. No. 20

UNITED STATES TAX COURT

DUDLEY AND DOROTHY MOORHOUS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10761-00L.                    Filed April 23, 2001.

On Mar. 16, 1999, R mailed to P-H a final notice
of intent to levy concerning P-H's unpaid tax
liabilities for the years 1987 through 1992 and 1997.
On Apr. 27, 1999, R mailed to P-W a final notice of
intent to levy concerning P-W's unpaid tax liabilities
for the years 1989 through 1992.  On May 10, 1999, Ps
filed a joint request for an administrative hearing
with the Internal Revenue Service Office of Appeals
(Appeals Office).  P-H failed to file his request for
an administrative hearing within the 30-day period
prescribed in sec. 6330, I.R.C.

Despite P-H's failure to file a timely request for
an Appeals Office hearing, R granted P-H a so-called
equivalent hearing.  P-W was granted an administrative
hearing pursuant to sec. 6330, I.R.C.  On Oct. 6, 2000,
R issued a "decision letter" to P-H stating that R
would proceed with collection against him.  On Oct. 6,
2000, R issued a determination letter to P-W stating
that R would proceed with collection against her and

informing her of her right to challenge the determination in Court. On Oct. 16, 2000, Ps filed a joint petition for review with the Court. In response to the petition, R filed a motion to dismiss for lack of jurisdiction as to P-H and to strike as to certain taxable years.

Held: R's decision to conduct a so-called equivalent hearing did not result in a waiver by R of the time restrictions imposed upon P-H for requesting an Appeals Office hearing pursuant to sec. 6330, I.R.C. Kennedy v. Commissioner, 116 T.C. __ (2001), followed.

Held, further, insofar as the petition filed herein purports to be a petition for review filed by P-H, the Court lacks jurisdiction on the ground that R did not issue a determination letter to P-H pursuant to sec. 6330, I.R.C., due to P-H's failure to file a timely request for an Appeals Office hearing under sec. 6330(a)(2) and (3)(B) and (b), I.R.C.

Held, further, R was not barred from issuing separate notices of intent to levy to P-H and P-W despite the fact that they may have filed joint returns for the years in issue. The term "person" as used in sec. 6330, I.R.C., does not require R to treat a husband and wife who filed a joint return for a particular year as a single unit.

John F. Rodgers, for petitioners.

Jeffrey E. Gold, for respondent.

OPINION

RUWE, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with

---

[1] Unless otherwise indicated, all section references are to
(continued...)

and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction And To Strike With Respect To Dudley Moorhous And As To Taxable Years 1987, 1988, and 1997. As explained in detail below, we shall grant respondent's motion.

Background

On or about March 16, 1999, respondent mailed to petitioner Dudley Moorhous a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing (notice of intent to levy) concerning his unpaid tax liabilities for the years 1987 through 1992 and 1997.[2] Petitioner Dudley Moorhous received the notice of intent to levy on March 18, 1999, as reflected on the U.S. Postal Service Form 3811, Domestic Return Receipt, that was executed upon delivery of the notice. On or about April 27, 1999, respondent mailed to petitioner Dorothy Moorhous a notice of intent to levy concerning

---

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The notice of intent to levy stated that petitioner Dudley Moorhous owed amounts from prior notices, additional penalties, and interest totaling $24,944.87, $21,014.05, $17,849.47, $10,228.66, $9,947.46, $19,333.82, and $101.23 for the years 1987, 1988, 1989, 1990, 1991, 1992, and 1997, respectively.

her unpaid tax liabilities for the years 1989 through 1992.[3] There is no dispute that the above-described notices of intent to levy were mailed to petitioners' last known address. See sec. 6330(a)(2)(C). Both of the above-described notices of intent to levy stated in pertinent part: "If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property".

On May 10, 1999, petitioners filed with the Internal Revenue Service Office of Appeals (Appeals Office) a joint request for a collection hearing, Form 12153, with respect to their tax liabilities for the years 1987 through 1992 and 1997. Although the Appeals Office concluded that petitioner Dudley Moorhous failed to file his request for a hearing within the time prescribed in section 6330, the Appeals Office granted petitioner Dudley Moorhous a so-called equivalent hearing. See sec. 301.6330-1T(i), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3413 (Jan. 22, 1999).

On October 6, 2000, the Appeals Office issued to petitioner Dudley Moorhous a "decision letter" stating that respondent would

---

[3] The notice of intent to levy stated that petitioner Dorothy Moorhous owed amounts from prior notices, additional penalties, and interest totaling $17,909.98, $10,266.83, $9,980.32, and $19,400.89, for the years 1989, 1990, 1991, and 1992, respectively.

proceed with collection by way of levy for the years 1987 through 1992 and 1997.  The decision letter stated in pertinent part:

> Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

On October 6, 2000, the Appeals Office issued to petitioner Dorothy Moorhous a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330 (notice of determination).  The notice of determination stated that petitioner Dorothy Moorhous was not eligible for an offer-in-compromise.  The notice of determination further stated that respondent would proceed with collection with respect to petitioner Dorothy Moorhous' tax liabilities for the years 1989 through 1992 and that petitioner Dorothy Moorhous would have 30 days to file a petition with the Tax Court contesting the matter.

On October 16, 2000, petitioners filed with the Court a joint Petition For Lien Or Levy Action Under Code Sections 6320(c) Or 6330(d).  See Rule 331(b).  The petition states in pertinent part that petitioners challenge petitioner Dudley Moorhous' individual liabilities for the years 1987 and 1988 and petitioners' joint liabilities for the years 1989 through 1992 and 1997.  The petition includes an allegation that respondent erred in failing to decide the offer-in-compromise that petitioners filed with respondent in 1997.

In response to the petition, respondent filed a Motion To Dismiss For Lack Of Jurisdiction And To Strike With Respect To Dudley Moorhous And As To Taxable Years 1987, 1988, And 1997. Respondent asserts that the Court lacks jurisdiction with respect to petitioner Dudley Moorhous on the ground that the "decision letter" issued to him does not constitute a determination letter sufficient to invoke the Court's jurisdiction pursuant to section 6330(d). Respondent contends that petitioner Dorothy Moorhous is the only proper petitioner before the Court. However, respondent asserts that the Court lacks jurisdiction with respect to petitioner Dorothy Moorhous as to the taxable year 1997 on the ground that neither the notice of intent to levy nor the determination letter that was issued to her included that taxable year.[4]

Petitioner Dudley Moorhous filed an objection to respondent's motion to dismiss asserting: (1) Respondent failed to file his motion to dismiss in a timely manner; (2) where a husband and wife have filed a joint return, the term "person" as used in section 6330 should be read as referring to both husband and wife, thereby barring respondent from issuing separate notices of intent to levy to petitioners; and (3) to the extent

---

[4] Originally, respondent asserted that the Court lacks jurisdiction with respect to petitioner Dorothy Moorhous as to the taxable years 1987, 1988, and 1997. However, respondent later modified his position, as discussed in the text, infra.

that respondent's determination letter to petitioner Dorothy Moorhous rejected petitioners' joint offer-in-compromise, petitioner Dudley Moorhous should be permitted to file a petition challenging the determination letter.

This matter was called for hearing at the Court's motions session held in Washington, D.C. Counsel for both parties appeared at the hearing and offered argument in respect of respondent's motion to dismiss. During the hearing, counsel for respondent clarified that respondent's motion to dismiss and to strike should only have requested that the taxable year 1997 be stricken, inasmuch as the petition clearly states that petitioners are challenging petitioner Dudley Moorhous' individual liability for the taxable years 1987 and 1988 and not petitioner Dorothy Moorhous' liability for those years.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by way of a levy upon the person's property. Section 6331(d) provides that at least 30 days prior to proceeding with enforced collection by way of a levy on a person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters. Section 6330 generally provides that the Commissioner cannot proceed with enforced collection by way of levy until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, the taxpayer may seek judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(a) provides in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding a notice of intent to levy by mailing such notice by certified or registered mail, return receipt requested, to such person's last known address. Section 6330(a)(2) provides that the prescribed notice shall be provided not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period. Further, section 6330(a)(3)(B) provides that the prescribed notice shall explain that the person has the right to request an Appeals Office hearing during the 30-day period under paragraph (2).

Section 6330(c) prescribes the matters that may be raised by a taxpayer at an Appeals Office hearing.  In sum, section 6330(c) provides that a taxpayer may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection, such as an offer-in-compromise.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.

Where the Appeals Office issues a determination letter to a taxpayer following an administrative hearing regarding a notice of intent to levy, section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of such determination letter to file a petition for review with the Tax Court or Federal District Court.  See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).  We have held that the Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid determination letter and the filing of a timely petition for review.  See Meyer v. Commissioner, 115 T.C. 417, 421 (2000); Offiler v. Commissioner, supra at 498.

1.  Petitioner Dudley Moorhous' Failure To Make a Timely Request for an Administrative Hearing

On March 16, 1999, respondent issued to petitioner Dudley Moorhous a notice of intent to levy.  Petitioner Dudley Moorhous received the notice of intent to levy on March 18, 1999, as reflected on the U.S. Postal Service Form 3811 that was executed upon delivery of the notice.  The notice informed petitioner Dudley Moorhous that he had 30 days from the date of the notice to file a request for an Appeals Office hearing.

On April 27, 1999, respondent issued to petitioner Dorothy Moorhous a notice of intent to levy.

On or about May 10, 1999, petitioners submitted to the Appeals Office a joint request for a hearing.  The 30-day period prescribed in section 6330(a)(2) and (3)(B) during which petitioner Dudley Moorhous had to file a timely request for an Appeals Office hearing expired no later than Monday, April 19, 1999.  Because petitioners' joint request for an Appeals Office hearing was not timely with respect to the notice of intent to levy issued to petitioner Dudley Moorhous, the Appeals Office was not obliged to provide him with the administrative hearing contemplated under section 6330.  On the other hand, because petitioners' joint request for an Appeals Office hearing was timely with respect to the notice of intent to levy issued to petitioner Dorothy Moorhous, the Appeals Office was obliged to provide her with a section 6330 hearing.

## 2. Equivalent Hearing

In lieu of a hearing under section 6330(b), the Appeals Office granted petitioner Dudley Moorhous a so-called equivalent hearing. Consistent with the Court's holding in Kennedy v. Commissioner, 116 T.C. ___ (2001), we hold that the decision to conduct an equivalent hearing did not result in a waiver by respondent of the time restrictions within which petitioner Dudley Moorhous was required to request an Appeals Office hearing under section 6330.[5]

## 3. Decision Letter

On October 6, 2000, following the equivalent hearing, the Appeals Office issued to petitioner Dudley Moorhous a decision letter stating that respondent would proceed with collection against him. The decision letter unambiguously states that the equivalent hearing was not intended to serve as an Appeals Office hearing within the meaning of section 6330. On the other hand, on October 6, 2000, the Appeals Office issued to petitioner Dorothy Moorhous a determination letter stating that she would be permitted to seek review of the matter in court.

---

[5] In Kennedy v. Commissioner, 116 T.C. ___ (2001), we noted that sec. 6330 does not authorize the Commissioner to waive the time restrictions imposed therein. Further, in Offiler v. Commissioner, 114 T.C. 492, 498 (2000), we indicated that where the taxpayer failed to file a timely request for an Appeals Office hearing regarding a notice of intent to levy, an Appeals Office review of the taxpayer's case pursuant to the Collection Appeals Program did not result in a determination within the meaning of sec. 6320 or sec. 6330.

As previously discussed, because petitioner Dudley Moorhous failed to file a timely request for an Appeals Office hearing, the Appeals Office was not obliged to conduct such a hearing.  In this regard, the decision letter issued to petitioner Dudley Moorhous was not, and did not purport to be, a determination letter pursuant to section 6320 or section 6330.  See Kennedy v. Commissioner, supra; Offiler v. Commissioner, supra at 495.

Consistent with the foregoing, we shall grant respondent's motion to dismiss for lack of jurisdiction as to petitioner Dudley Moorhous on the ground that the Appeals Office did not issue a determination letter to petitioner Dudley Moorhous pursuant to section 6330 due to petitioner Dudley Moorhous' failure to file a timely request for an Appeals Office hearing pursuant to section 6330(a)(2) and (3)(B) and (b).  In addition, we shall strike all references in the petition to the taxable years 1987 and 1988 because those years relate solely to petitioner Dudley Moorhous; likewise, we shall strike all references to the taxable year 1997 because (1) such year relates to petitioner Dudley Moorhous and (2) that year was not included in the notice of intent to levy and the determination letter that were issued to petitioner Dorothy Moorhous.

4.  Petitioners' Arguments

Petitioners contend that because petitioners filed joint returns for a number of the years in issue, the term "person" as

used in section 6330 should be read as referring to both husband and wife as a single unit, thereby barring respondent from issuing separate notices of intent to levy to them.

Petitioners' contention finds no support in the express language of section 6330. Simply put, section 6330 does not direct the Commissioner to treat a husband and wife who have filed a joint return as a single person for purposes of that provision. Moreover, petitioners' argument conflicts with section 6013(d), which provides that "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." Because a husband and wife are treated as jointly and severally liable for the tax due on a joint return, it follows that the Commissioner may elect to pursue one or both the spouses for the collection of the tax. Under the circumstances, we hold that respondent was free to issue a separate notice of intent to levy to petitioner Dudley Moorhous before issuing a similar notice to petitioner Dorothy Moorhous.[6] Because petitioners are not treated as one person under section 6330, petitioner Dudley

---

[6] Indeed, in 1998, the Congress directed the Commissioner to send, whenever practicable, any notice relating to a joint return under sec. 6013 separately to each individual filing the joint return. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(d), (g)(1), 112 Stat. 685, 740.

Moorhous may not join in challenging the determination letter issued to petitioner Dorothy Moorhous.

Petitioners also contend that to the extent that respondent's determination letter to petitioner Dorothy Moorhous served as a rejection of petitioners' joint offer-in-compromise, petitioner Dudley Moorhous should be permitted to file a petition challenging the determination letter.  Again, petitioners' argument finds no support in section 6330.  Although section 6330(c)(2)(A)(iii) provides that a taxpayer may make an offer-in-compromise during an Appeals Office hearing, there is no support for petitioners' contention that petitioner Dudley Moorhous should be relieved of the obligation to comply with the time requirements for filing an Appeals Office hearing pursuant to section 6330(a).  In the end, petitioners' position begs the question why petitioner Dudley Moorhous did not timely file a request for an administrative hearing in response to the notice of intent to levy issued to him.

As final matter, we reject petitioners' argument that respondent's motion to dismiss is untimely.  It is well settled that questions of jurisdiction may be raised by either party or the Court sua sponte at any stage of the proceedings.  See Smith v. Commissioner, 96 T.C. 10, 13-14 (1991).

Consistent with the preceding discussion, we shall grant respondent's motion in that we shall dismiss this case for lack

of jurisdiction as to petitioner Dudley Moorhous, and all allegations in the petition pertaining to the taxable years 1987, 1988, and 1997 will be deemed to be stricken therefrom.

In order to reflect the foregoing,

<u>An appropriate order granting respondent's motion to dismiss for lack of jurisdiction and to strike will be issued</u>.